UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>SEIU LOCAL 24/7,<br><br>    Defendant. | Case No: C 10-5288 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Dkt. 14 |

Plaintiff Pacific Gas and Electric Company ("PG&E") brings the instant action to vacate the August 10, 2010 Arbitrator's Opinion and Award ("Award") rendered in favor of Defendant, SEIU Local 24/7 (the "Union"). Dkt. 1. In response to the Complaint, the Union filed a Counterclaim to confirm and enforce the Award. Dkt. 8. The Court has subject matter jurisdiction under § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185(a), (c) and 28 U.S.C. § 1337(a).

The parties are presently before the Court on the Union's Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 14. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS the Union's motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

PG&E and the Union are parties to a collective bargaining agreement (sometimes referred to as "CBA"), effective August 1, 2009 through July 31, 2012.  Compl. ¶ 5 and Ex. 2, Dkt. 1.  PG&E and the Union were also parties to a predecessor CBA in effect from March 1, 2003 through February 28, 2008 ("Agreement"), that is the subject of this action.  Id. Ex. 3.[1]  The Agreement contains a provision requiring that disputes involving the "[i]nterpretation or application of any of the terms of this Agreement" be resolved through a grievance procedure that culminates in "final and binding" arbitration by a "neutral arbitrator."  Agreement, §§ 9.2, 9.4.

On March 28, 2007, the Union filed Grievance No. 17400, which charged that PG&E was failing to compensate Diablo Canyon Power Plant security officers ("officers") for meal periods in violation of Section 15.2 of the Agreement.  Id. ¶ 11, Ex. 4.  The grievance procedure was fully and timely exhausted, and the dispute was presented to Arbitrator Katherine J. Thompson ("Arbitrator").  Id. Ex. 5 § 1.  The parties stipulated that the issues before the Arbitrator were as follows:

> (a) Did Pacific Gas and Electric Company ("the Company") violate Section 15.2 of the Collective Bargaining Agreement between the Company and the Service Employees International Union, Local 24/7 (applying to PG&E Security Department employees at Diablo Canyon Power Plant) by failing to compensate employees covered under Section 15.2 for their meal breaks?
>
> (b) If so, what should be the remedy?  (If there is a remedy, the arbitrator shall permit the Company and the Union to attempt to resolve the proper implementation thereof and shall reserve jurisdiction over such remedy in the event that the parties are unable to agree upon its proper implementation.)

Id. § 2.

---

[1] The grievance that is the subject of this litigation was filed during the term of the 2003 Agreement, and all citations to the Agreement in this Order are to that Agreement.

Section 15.2 of the Agreement, entitled "Meals – Regular Work Hours on Workday," provides as follows:

> Except as provided in Section 15.5 hereof, nothing contained herein shall be construed to require [PG&E] to compensate employees for meals or meal periods during regular work hours on workdays.
>
> [PG&E] may *assign* an employee to a regular work schedule which would include a *paid* ½ hour meal period. During the ½ hour paid meal period, the employee will be subject to being on call and will respond if necessary to Plant and/or security emergencies.  (Added 1-1-00)

Agreement § 15.2 (emphasis added).[2]  The Union's view was that the Agreement requires PG&E to pay for meal periods when the officers are "subject to being on call and responding if necessary to emergencies."  Id. at 14.  In contrast, PG&E took the position it must pay for meal periods only in two situations:  (1) when the Company assigns an officer to remain on duty during her meal period; or (2) when an officer on an unpaid meal break responds to an emergency.  Id. at 17.

The Arbitrator heard the grievance during a two-day hearing on February 10 and April 29, 2010.  Def.'s Countercl. ¶ 25; Pl.'s Answer to Countercl. ¶ 25, Dkt. 11.  During the hearing, both PG&E and the Union presented live testimony, documentary exhibits and opening statements; cross-examined the other's witnesses; and submitted written post-hearing briefs.  Def.'s Countercl. ¶¶ 25-28.  On August 10, 2010, the Arbitrator rendered her Award.  Compl. Ex. 1 ("Award").  She rejected PG&E's contention that its obligation to pay for meal periods is limited to situations where the Company formally assigns an officer to a schedule with a paid meal period.  Id. at 19.  Rather, the Arbitrator agreed with the Union that an officer is entitled to a paid meal period if she is "subject to being on call and obliged to respond to emergencies."  Id.  The Arbitrator sustained the Union's grievance and found that PG&E "violated Section 15.2 of the [Agreement] ... by failing to compensate employees covered under Section 15.2 for their meal breaks."  Id. at 23.

---

[2] Neither party contends, nor did the Arbitrator find, that Section 15.5 is applicable here.  Pl.'s Opp'n at 1 n.1.

On November 22, 2010, PG&E commenced the instant action to vacate the arbitration award. Dkt. 1. In response to the Complaint, the Union filed an Answer and Counterclaim seeking to confirm the Award. Dkt. 8. The Union now moves for judgment on the pleadings, pursuant to Rule 12(c), in which it requests that the Court enter final judgment confirming and enforcing the Award. Dkt. 14. The motion has been fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, a Rule 12(c) motion may be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on such a motion, the Court assumes the truth of the facts alleged in the pleadings. Yakima Valley Mem'l Hosp. v. Washington State Dept. of Health, 654 F.3d 919, 925 (9th Cir. 2011). The Court may also consider "facts that 'are contained in materials of which the court may take judicial notice.'" Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) (quoting Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994)). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

## III.   DISCUSSION

"It is well-settled that federal labor policy favors the resolution of disputes through arbitration; thus, judicial scrutiny of an arbitrator's decision is *extremely* limited." S. Cal. Gas Co. v. Utility Workers Union of Am., Local 132, AFL-CIO, 265 F.3d 787, 792 (9th Cir. 2001). Under § 301 of the LMRA, an arbitration award is subject to vacatur only in a

1  "narrow" set of circumstances: "(1) when the award does not draw its essence from the
2  collective bargaining agreement and the arbitrator is dispensing his own brand of industrial
3  justice; (2) where the arbitrator exceeds the boundaries of the issues submitted to him;
4  (3) when the award is contrary to public policy; or (4) when the award is procured by
5  fraud." Id. at 792-93.
6     Where the interpretation of a collective bargaining agreement is concerned, the
7  proper inquiry for the court is "*whether* the arbitrator interpreted the collective bargaining
8  agreement, *not* whether he did so correctly." Hawaii Teamsters & Allied Workers Union,
9  Local 996 v. United Parcel Service, 241 F.3d 1177, 1178 (9th Cir. 2001).  An arbitral award
10 must be upheld if "it draws its essence from the collective bargaining agreement." United
11 Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960).  An award
12 "draws its essence from the CBA when it is based on language in the CBA." SFIC Props.,
13 Inc. v. District Lodge No. 94, 103 F.3d 923, 925 (9th Cir. 1996).  So long as the arbitrator's
14 decision is "plausible," the award must be upheld even if the "decision finds the facts and
15 states the law erroneously" or is "based on a misreading of the CBA." Id. at 925-26.
16    In her Award, the Arbitrator found that the first paragraph of Section 15.2 obviates
17 the need by PG&E to compensate officers for meal periods, and that such provision,
18 standing alone, "seems clear."  Award at 19.  At the same time, however, she opined that
19 the first paragraph was "ambiguous" when read in tandem with the second paragraph of
20 Section 15.2, which requires PG&E to pay for meal breaks "in certain circumstances." Id.
21 In an apparent attempt to resolve the purported ambiguity, the Arbitrator relied on the
22 parties' agreement that Section 15.2 creates an "exception to the general proposition that
23 Section 15 does not require compensation for meal periods during regular work hours on
24 work days."  Id.  She then rejected PG&E's contention that the Company is required to pay
25 for a meal period only when it has *formally* assigned an officer to a schedule with a paid
26 meal period.  Id.  Instead, she found that a *de facto* assignment was sufficient to trigger
27 PG&E's obligation to pay for the officer's meal period where "she was subject to being on
28

- 5 -

call and obliged to respond to emergencies even though not formally assigned to a schedule that includes a paid meal period."  Id.

In the instant proceeding, PG&E contends that the Award must be vacated ostensibly because the Arbitrator erred in characterizing Section 15.2 as "ambiguous" and that her construction of that section is untenable.  See Pl.'s Opp'n at 4-8.  These contentions lack merit.  The Arbitrator's observation that Section 15.2 is "ambiguous" is beside the point.  As discussed, the Arbitrator accepted the parties' agreement that the second paragraph of Section 15.2 creates an exception to the first paragraph, and then construed the scope of the exception based on the terms presented therein.  The Arbitrator's decision is clearly "based on" and "draws its essence from" the Agreement, given that she expressly considered the terms of Section 15.2, attempted to harmonize them, and finally, interpreted its provisions to resolve the grievance.  That PG&E disagrees with the Arbitrator's construction is not a cognizable basis to vacate the Award.  See Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers, 886 F.2d 1200, 1204 (9th Cir. 1989) (holding that federal courts cannot vacate an arbitral award "even if [they] believe that the decision finds the facts and states the law erroneously.") (en banc); Virginia Mason Hosp. v. Washington State Nurses Ass'n, 511 F.3d 908, 913-14 (9th Cir. 2007) (upholding an arbitration award that gave priority to one of two inconsistent provisions of a collective bargaining agreement, and concluding that the award was not on its face implausible because an interpretation that one provision supersedes the other draws its essence from the agreement).

IV. <u>**CONCLUSION**</u>

The Court concludes that the Award "draws its essence" from the CBA and that it is not otherwise subject to vacatur. Accordingly,

IT IS HEREBY ORDERED THAT the Union's Motion for Judgment on the Pleadings is GRANTED and the Arbitrator's Opinion and Award is hereby confirmed and enforced. Judgment shall be entered in favor of the Union. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: January 30, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge