UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>SEIU LOCAL 24/7,<br><br>    Defendant. | Case No: C 10-05288 SBA<br><br>**ORDER SUSTAINING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |

On November 22, 2010, Plaintiff Pacific Gas and Electric Company ("PG&E") commenced the instant action to vacate an Arbitrator's Opinion and Award ("Award") rendered in favor of Defendant, SEIU Local 24/7 (the "Union" or "SEIU"). On January 30, 2012, the Court granted the Union's motion for judgment on the pleadings and dismissed the action. Dkt. 28. Thereafter, the Union filed a motion for attorneys' fees, which was referred to Magistrate Judge Laurel Beeler ("the Magistrate") for a report and recommendation ("R&R"). On May 25, 2012, the Magistrate issued her R&R in which she recommended granting the Union's motion and awarding it $146,582 in attorneys' fees. Dkt. 44.

The parties are presently before the Court on PG&E's Objections to Magistrate Judge's Report and Recommendation Re: SEIU's Motion for Attorneys' Fees. Dkt. 45. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby SUSTAINS PG&E's objections and DENIES the Union's motion for attorneys' fees. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b).

I.     BACKGROUND

PG&E and the Union are parties to a collective bargaining agreement ("CBA"), which governs employees working at PG&E's Diablo Canyon Power Plant ("the Plant"). On March 28, 2007, the Union filed Grievance No. 17400 against PG&E which alleged that PG&E was failing to compensate security officers at the Plant for meal periods, in violation of Section 15.2 of the CBA.  The Union took the position that the CBA requires PG&E to pay for meal periods when the officers are subject to being on call or are obliged to respond to an emergency.  In contrast, PG&E argued that it was obligated to pay for meal periods only in two situations:  (1) when the Company assigns an officer to remain on duty during her meal period; or (2) when an officer on an unpaid meal break responds to an emergency.

In accordance with the CBA, the parties presented the grievance to Arbitrator Katherine J. Thompson ("Arbitrator"), who issued an Award in favor of the Union on August 10, 2010.  She rejected PG&E's contention that its obligation to pay for meal periods is limited to situations where the Company formally assigns an officer to a schedule with a paid meal period.  Rather, the Arbitrator agreed with the Union that a security officer is entitled to a paid meal period if the officer is subject to being on call and obliged to respond to emergencies.  The Arbitrator sustained the Union's grievance and found that PG&E was in violation of the CBA.

On November 22, 2010, PG&E commenced the instant action to vacate the Award. In response, the Union filed a post-Answer motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c).  Dkt. 14.  On January 30, 2012, the Court issued its Order granting the Union's motion.  Dkt. 28.  In reaching its decision, the Court explained that judicial review of an arbitral award is narrow; and that where, as here, the interpretation of a CBA is concerned, the salient question is whether the arbitrator interpreted the CBA—not whether the arbitrator did so correctly.  Id. at 5:6-8.  The Court

concluded that the Arbitrator's Award was "based on" and "draws its essence from" the CBA, and therefore, was not subject to vacatur. Id. at 6:3-21.[1]

Based on its successful motion for judgment on the pleadings, the Union filed a motion for attorneys' fees under the Court's inherent authority to impose sanctions, claiming that PG&E "refused to abide by an arbitrator's award in the Union's favor." Dkt. 33 at 1:13-14. The Court referred the motion to the Chief Magistrate Judge or her designee for an R&R on the motion. Dkt. 31. On May 25, 2012, the assigned Magistrate issued her R&R in which she recommended granting the motion and awarding the Union $146,582 in attorneys' fees. Dkt. 44. The Magistrate concluded that in light of the deferential standard applicable to judicial review of an arbitral award, PG&E's action amounted to an unjustifiable refusal to abide by the Award. Thus, relying on the Court's inherent authority to impose sanctions, the Magistrate recommended a fee award in the amount of $146,582 in favor of the Union. Id. PG&E has timely filed objections to the R&R. Dkt. 45.

## II.  LEGAL STANDARD

A motion for attorneys' fees may be referred to a magistrate judge for findings and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B). See Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 659 (9th Cir. 1993). Once findings and recommendations are served, the parties have fourteen days to file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). The district court must make a de novo determination of those portions of the magistrate judge's report to which a party has interposed an objection. Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(C)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

---

[1] An arbitral award must be upheld if "it draws its essence from the collective bargaining agreement." United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960). An award "draws its essence from the CBA when it is based on language in the CBA." SFIC Props., Inc. v. District Lodge No. 94, 103 F.3d 923, 925 (9th Cir. 1996).

### III. DISCUSSION

A federal court has the inherent power to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, 501 U.S. 32, 45-46 (1991) (internal quotations and citations omitted). The Ninth Circuit has held "that an unjustified refusal to abide by an arbitrator's award may equate [with] an act taken in bad faith, vexatiously or for oppressive reasons." Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc., 707 F.2d 425, 428 (9th Cir. 1983). When imposing sanctions under its inherent authority, a court must make an explicit finding of bad faith or willful misconduct. In re Dyer, 322 F.3d 1178, 1196 (9th Cir. 2003). In addition, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

The Magistrate found that PG&E's decision to challenge the Award was "unjustified and frivolous" in light of the highly deferential standard of judicial review applicable to challenges to arbitral awards. Dkt. 44 at 6 n.2. PG&E takes exception to this finding, claiming that the Magistrate did not recite the particular conduct underlying her determination that PG&E's challenge to the award was frivolous. Dkt. 45 at 5. However, PG&E overlooks the Magistrate's opinion that PG&E was attempting to challenge the correctness of the Arbitrator's Award, which, under clearly established authority, is not a viable ground for vacatur of an arbitral award. Id. at 6. Thus, the Court rejects PG&E's contention that the Magistrate erred in failing to identify the ostensibly sanctionable conduct.

The above notwithstanding, the Court, is not persuaded by the Union's contention or the Magistrate's recommendation that sanctions are appropriate in this case. In its Order granting the Union's motion for judgment on the pleadings, the Court did not find or otherwise state that PG&E's request for vacatur of the Award was frivolous. In opposing the Union's motion for judgment on the pleadings, PG&E argued that the Arbitrator ignored the plain language of the CBA and that her award directly contravened section 15.2 of the CBA. Dkt. 20 at 6-8. If PG&E were correct, it may have prevailed. See S. Cal. Gas

Co. v. Utility Workers Union of Am., 265 F.3d 787, 792 (9th Cir. 2001) ("Only where the arbitrator ignores the contract's plain language, choosing instead to dispense his own brand of industrial justice, may we question his judgment."). Ultimately, however, the Court rejected PG&E's position. Dkt. 28 at 6. Though PG&E's arguments in support of vacatur were seriously misplaced, the Court finds that they did not rise to the level of bad faith sufficient to warrant the invocation of the Court's inherent authority. See Chambers, 501 U.S. at 44 (holding that inherent authority sanctions must be imposed with restraint). Accordingly, the Court, in its discretion, finds that PG&E's challenge to the arbitral award does not merit the imposition of sanctions under the circumstances presented.[2]

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT PG&E's objections to the Magistrate's R&R are SUSTAINED. The Union's motion for attorneys' fees is DENIED. The Clerk shall terminate all pending matters.

IT IS SO ORDERED.

Dated: September 14, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] Indeed, if the action were as frivolous as the Union now claims, it begs the question why the Union did not seek sanctions under Federal Rule of Civil Procedure 11, as opposed to relying on the Court's inherent authority. In addition, the reasonableness of the amount of fees sought—$146,582—is highly questionable, given that the action was resolved by way of a motion for judgment on the pleadings. However, given the Court's determination that the imposition of sanctions against PG&E is not warranted, the Court need not reach this issue.